# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2010

No. 09-60187
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS DURRETT, also known as "Fresh",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CR-101-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Douglas Durrett pleaded guilty to distribution of cocaine base (crack cocaine) and distribution of marijuana, in violation of 21 U.S.C. § 841(a), (b)(1)(A), (b)(1)(B), and (b)(1)(D). The district court sentenced Durrett to 135 months in prison and a five-year term of supervised release for distribution of crack cocaine and 60 months in prison and a three-year term of supervised release for distribution of marijuana, to be served concurrently. Durrett filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582 based on the United

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60187

States Sentencing Commission's retroactive amendment to the base offense levels for crack cocaine offenses. The district court granted the motion and reduced his sentence to the statutory mandatory minimum sentence of 120 months.

Durrett argues that the limit of his sentence reduction to the 10-year mandatory minimum sentence violates the Eighth Amendment guarantee against cruel and unusual punishment because the sentence was disproportionate to his offense. Specifically, he asserts that his sentence reduction was objectively unreasonable because of the disparity in treatment between crack cocaine offenders and powder cocaine offenders.

The district court did not plainly err in sentencing Durrett to the mandatory minimum penalty. This court has previously rejected an Eighth Amendment challenge to the disparity between the penalties for trafficking in powder cocaine and crack cocaine. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009)*; United States v. Fisher*, 22 F.3d 574, 579 (5th Cir. 1994).

Durrett also argues that the 10-year mandatory minimum sentence imposed violates the due process guarantee of the Fifth Amendment. He contends that his sentence was arbitrarily imposed and points to the disproportionate sentences between crack cocaine and powder cocaine offenses to support his argument. The district court did not plainly err in sentencing Durrett to the mandatory minimum penalty because this court has rejected claims that the sentencing disparity between powder cocaine and crack cocaine violates the Due Process Clause. *See Puckett*, 129 S. Ct. at 1429; *United States v. Wilson,* 77 F.3d 105, 112 (5th Cir. 1996). Accordingly, the district court's judgment is AFFIRMED.